**Satinder Singh BAIDWAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–76626.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2010.[*]

Filed May 13, 2010.

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, S. Nicole Nardone, Esq., Barbara B. Berman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ARCHER, Senior Circuit Judge,[**] and CALLAHAN and BEA, Circuit Judges.

MEMORANDUM [***]

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Glenn L. Archer, Jr., United States Circuit Judge for the Federal Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provid-

Satinder Singh Baidwan, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT")[1]

We lack jurisdiction to review the IJ's determination that Baidwan's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, we dismiss the petition for review as to Baidwan's asylum claim.

Substantial evidence supports the IJ's adverse credibility determination because the discrepancies regarding the circumstances of his third arrest go to the heart of his claims. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Accordingly, Baidwan's withholding of removal claim fails.

Because Baidwan's CAT claim is based on the same testimony the IJ found not credible, and he offers no other evidence the agency should have considered, he has failed to establish eligibility for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

ed by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

